# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60755

In re: JOHN RAY KIDD,

                        Movant

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

**A True Copy**
**Certified order issued Dec 31, 2019**

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

Before JONES, CLEMENT, and HAYNES, Circuit Judges.
PER CURIAM:

    John Ray Kidd, Mississippi prisoner # R9542, moves for authorization to file a successive 28 U.S.C. § 2254 habeas application to challenge his jury trial convictions for sexual battery and two counts of rape. He argues that he has newly discovered evidence that will demonstrate his actual innocence. Kidd submits the affidavits of two men who assert that they were involved in framing Kidd for the 1998 rape and attack on the victim.

    A prisoner requesting leave to file a successive § 2254 application must obtain prior authorization from this court. 28 U.S.C. § 2244(b)(3)(A). This court may authorize the filing of a successive § 2254 application only if the applicant makes a prima facie showing that (1) his claims rely on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claims could not have been discovered previously through due

diligence, and the underlying facts, if proven, would "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2), (b)(3)(C).

Kidd has not made the required prima facie showing. He presents actual innocence as a freestanding claim. We do not recognize freestanding claims of actual innocence on federal habeas review. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Kidd has not shown that his claim meets the criteria of § 2244(b)(2)(B)(ii) because he has not alleged a constitutional error that would affect the determination of a reasonable trier of fact. *See id.* Further, even if a convincing claim of actual innocence could overcome § 2244(b)'s limits on filing a successive application, Kidd has not made the necessary showing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995).

IT IS ORDERED that the motion for authorization to file a successive § 2254 application is DENIED. Kidd's motion raises the same claim of actual innocence raised in his previous motion for authorization, and it relies on the same affidavits on which his previous motion relied. Accordingly, Kidd is CAUTIONED that the filing of frivolous, repetitive, or otherwise abusive filings may invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 31, 2019

Mr. David Crews
Northern District of Mississippi, Oxford
United States District Court
911 Jackson Avenue
Room 369
Oxford, MS 38655

    No. 19-60755   In re: John Kidd
                              USDC No. 3:19-CV-184

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Majella A. Sutton, Deputy Clerk
                        504-310-7680

cc:
    Mr. John Ray Kidd